UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUZANNE CAREY,<br><br>       Plaintiff,<br><br>       v.<br><br>THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, VALERIE JOHNSON, and RODERICK USTANIK,<br><br>       Defendants. | Case No. C05-5720FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

   Plaintiff filed this lawsuit against the EEOC following the agency's no cause finding on her charge that her former employer, International Union of Operating Engineers, Local 612 discriminated against her in violation of the Americans with Disabilities Act.  A lawsuit against an agency employee acting in his or her official capacity is actually a suit against the agency itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the government official is an agent, because the real party in interest is the government entity.)

   Defendant EEOC moves for dismissal for lack of subject matter jurisdiction and failure to state a claim.  Plaintiff has filed a document entitled "Plaintiff's Motion To Suspend Pending Legal

ORDER - 1

Counsel" [Dkt. # 29] in which she discusses various aspects of her case. The Court's Order of May 22, 2006 [Dkt. # 27] disposed of all then-pending motions, including a motion for appointment of counsel. Plaintiff has not shown the Court any authority that would allow this cause of action to proceed, and it will be dismissed for the following reasons.

When considering a motion to dismiss, the allegations in the Complaint are normally taken as true, and the motion will be granted if it appears that the plaintiff can prove no set of facts entitling him or her to relief on the claims. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Title VII provides federal courts with three grants of jurisdiction to hear enforcement actions brought against alleged discriminating employers (1) by private parties, (2) the Attorney General, or (3) the EEOC. (Citations omitted.) None of these sections authorizes individuals alleging discrimination by a third party to file suit against the EEOC or its employees; the EEOC when not acting as an employer, is not a proper defendant in such lawsuits. This matter must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff seeks monetary damages of $l,009.00, but a plaintiff must show that there is a waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff has failed to identify a statute that waives sovereign immunity for the actions described in her Complaint, and her claim for damages must be dismissed.

Congress has not expressly created a cause of action against the EEOC by employees of third parties. Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful practice committed by the EEOC as an employer may bering a Title VII action against the EEOC. *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983). Plaintiff was not employed by the EEOC and she, therefore, has no cause of action against the EEOC under Title VII. Neither enforcement activities, nor administrative findings of the EEOC determine

ORDER - 2

the rights of the parties because enforcement of Title VII is ultimately implemented by *de novo* federal district court action. The Ninth Circuit noted: "implying a cause of action against the EEOC contradicts [the legislative] policy of individual enforcement of equal employment opportunity laws and could dissipate the resources of the Commission in fruitless litigation with charging parties." *Ward*, 719 F.2d at 313. Thus, Plaintiff has failed to state a claim for which relief can be granted.

ACCORDINGLY, IT IS ORDERED:

1. Defendants' Motion to Dismiss [Dkt. # 28] is GRANTED and this cause of action is DISMISSED;

2. Plaintiff's "Motion to Suspend Pending Legal Counsel" [Dkt. # 29] is DENIED;

3. Plaintiff's "Motion to Compel Defendants To Answer Complaints Completely" [Dkt. # 25] is STRICKEN as MOOT in light of this Order Granting Defendants' Motion To Dismissal.

DATED this 28th day of June, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3